**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 23, 2018

BY EMAIL & ECF

The Honorable Colleen McMahon
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** **United States v. Ramon Paulino**
**18 Cr. 489 (CM)**

Dear Chief Judge McMahon:

  We write in response to the government's July 22, 2018, letter responding to the Court's request for additional support for the government's motion to exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A). The government again fails to state a satisfactory basis or any new information warranting exclusion. Therefore, the Court should deny the government's application.

  The government notes that on June 22, 2018, it provided to defense counsel (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (2) a video of the alleged assault for which Mr. Paulino is charged. The items were produced to the Court and defense in support of the government's appeals of Judge Pitman and Judge Carter's decisions to grant Mr. Paulino bail. In the intervening month, the defense has reviewed ▮▮▮▮▮▮▮ and no other disclosures have occurred.

  Unless the government possesses undisclosed material relevant ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, to which the defense is entitled, we need no exclusion to allow contemplation of related motions. If we file a motion, time will be excluded "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

  The government can easily resolve this issue by simply providing timely discovery, preferably before our August 13 conference. Once the defense and Court know the substance of undisclosed discovery, a decision can be made regarding the time needed to review it and incorporate it in motions practice, potential plea negotiations, and trial preparation.

Again, the government merely desires more time to comply with its discovery obligations but states no basis. Since Mr. Paulino's June 22 presentment, the government has been afforded ample time to gather and produce discovery. Because the Speedy Trial Act does not contemplate exclusion for that purpose, the government's request should be denied. The Court should deny its request for exclusion of time and for an expedited pretrial conference.

        Respectfully submitted,
        ___/s/_____
        Jullian D. Harris
        Sabrina P. Shroff
        Assistant Federal Defenders

cc:     Sarah Mortazavi, Assistant United States Attorney