UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

UNITED STATES OF AMERICA,

-against-

RAMON PAULINO,

Defendant.

----------------------------------------------------------x

18 CR 489-01 (CM)

ORDER REGARDING THE CALCULATION OF DEFENDANT'S SENTENCE

McMahon, J.:

On July 7, 2021, Ramon Paulino was sentenced by the court to an 87-month term of imprisonment after pleading guilty to Violent Crimes in Aid of Racketeering.

At the time the federal sentence was imposed, Paulino was under the primary jurisdiction of state authorities in New York, on charges related to the same conduct that underlay his federal racketeering conviction. He was writted into federal custody pursuant to a writ of habeas corpus for sentencing. He had not yet been sentenced by the state court.

As the first judge to sentence, there was no state sentence to which I could have chosen to run my sentence either concurrently or consecutively. The issue was not addressed at Paulino's federal sentencing.

Following his federal sentencing, Paulino was returned to the state authorities. The judgment of this court was filed as a detainer.

On January 7, 2022, Paulino was sentenced to a 3-year and 6-month (42 month) term of imprisonment, for Attempted Gang Assault, in New York County Supreme Court (Case Number

03164-2019). The state court judge, as the second judge to sentence, specifically stated that Paulino's state sentence was to run concurrently with his federal sentence. If Paulino had been transferred to federal custody at that point, that is exactly what would have happened. But he was not; because he was under the primary jurisdiction of state authorities, Paulino remained in state custody while serving his state sentence.

On October 3, 2022, Paulino's state prison sentence was satisfied, and he was transferred to the custody of the Bureau of Prisons.

Paulino has petitioned the Bureau of Prisons asking it to apply the time he served in state prison toward his federal sentence; thereby accomplishing the intent of the state court, that his state sentence run concurrent with his federal sentence. The Bureau of Prisons has, in turn, written a letter to the court "requesting guidance" about how Mr. Paulino's federal sentence should be calculated. (*See* Letter from BOP dated December 12, 2023).

The state court judge imposed a state sentence on Paulino that was to run concurrently with his already-imposed federal sentence. I very much doubt that the state court judge was aware of the fact that Paulino was under the primary jurisdiction of state authorities, and so would not, as a technical matter, be serving his "federal sentence" in the state facility where he served his state sentence. In fact, sentencing judges are rarely aware of such technicalities. However, it would plainly frustrate the determination of the second sentencing judge – who, whatever I may think of it, gets to make the concurrent/consecutive decision – if Paulino were not credited for purposes of his federal sentence with the equivalent of the "concurrent" state time he has already served. As a matter of comity, it behooves this court to enforce the decision of my state court colleague.

Accordingly, the Bureau of Prisons is directed to credit Paulino for the time he spent in state custody on his state case toward his federal sentence.

This constitutes the decision and order of the Court.

December 20, 2023

Colleen McMahon
United States District Court Judge